# IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>Diane Green<br><br>Debtor(s) | Chapter 13<br><br>Case No. 26-10508 AMC |
| BANK OF AMERICA, N.A.<br>Movant<br>v.<br><br>Diane Green<br>Michael Green, Non-Filing Co-Debtor<br><br>and<br><br>Scott F. Waterman, Trustee<br>Respondents | |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO PROPERTY LOCATED AT 134 WOLF ST, PHILADELPHIA, PA 19148-3325

BANK OF AMERICA, N.A., ("Movant") hereby moves the court, pursuant to 11 U.S.C. § 362(d), for relief from the automatic stay and the co-debtor stay with respect to certain real property of the Debtor(s) having an address of 134 Wolf St, Philadelphia, PA 19148-3325 (the "Property"), for all purposes allowed by the Note (defined below), the Mortgage (defined below), and applicable law, including but not limited to the right to foreclose. In further support of this Motion, Movant respectfully states:

1. A petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtor(s) on February 9, 2026.

2. The Chapter 13 Plan was confirmed on July 22, 2026.

3. The Debtor(s) has/have executed and delivered or is/are otherwise obligated with respect to that certain promissory note in the original amount of $178,650.00 (the "Note"). A copy of the Note is attached hereto as **Exhibit A**. Movant is an entity entitled to enforce the Note.

4. Pursuant to that certain Mortgage dated September 19, 2012, and recorded in the office of the county clerk of Philadelphia County, Pennsylvania (the "Mortgage"), all obligations (collective, the "Obligations") of the Debtor under and with respect to the Note and the Mortgage are secured by the Property. A copy of the Mortgage is attached hereto as **Exhibit B**.

5. As of October 21, 2026,the outstanding amount of the Obligations less any partial payments or suspense balance is $125,645.98.

6. In addition to the other amounts due to Movant reflected in this motion, as of the date hereof, in connection with seeking the relief requested in this Motion, Movant has also incurred $1,350.00 in legal fees and $199.00 in costs. Movant reserves all rights to seek an award or allowance of such fees and expenses in accordance with applicable loan documents and related agreements, the Bankruptcy Code and otherwise applicable law.

7. The following chart sets forth the number and amount of post-petition payments due pursuant to the terms of the Note that have been missed as of October 21, 2026:

| Number of Missed Payments | From: | To: | Monthly Payment Amount | Total Missed Payments |
|---|---|---|---|---|
| 3 | 8/1/26 | 10/1/26 | $1,233.32 | $3,699.96 |
| Less postpetition partial payments (suspense balance): | | | | $0.00 |
| TOTAL: | | | | $3,699.96 |

8. As of October 21, 2026, the total postpetition arrearage/delinquency is $3,699.96.[1]

9. The amount of the next monthly payment due under the terms of the Note and Mortgage is $1,233.32 and will come due on November 1, 2026.

10. Cause exists for relief from the automatic stay for the following reasons:

a. Payments required under the Note and Mortgage have not been made to the Movant.

b. Movant's interest in the property is not adequately protected.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1. Relief from the stay of 11 U.S.C. §362(a) and the co-debtor stay of 11 U.S.C. §1301 for all purposes allowed by the Note, the Mortgage, and applicable law, including but not limited to allowing the Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. That the Order be binding and effective despite any conversion of this bankruptcy case to

[1]The total of missed post-petition payments for this impounded loan include any missed escrow payments. Such missed escrow payments include amounts assessed for taxes and insurance an any previously assessed escrow shortage amount (if applicable). To avoid duplication, post-petition advances (if any) made for insurance, real estate taxes, or similar charges are not listed separately to the extent such advances would have been paid from the missed escrow payments. As part of the next annual RESPA analysis, the Bank will determine whether the escrow payments assessed to the debtor (including the missed escrow payments) result in a projected escrow shortage or overage. All rights are hereby reserved to assert or request any escrow amounts in accordance with RESPA and the total post-petition arrearage/delinquency is qualified accordingly. In addition, the amounts set forth herein do not include any legal fees or expenses of counsel incurred by Movant in connection with seeking the relief requested in the Motion.

a case under any other chapter of Title 11 of the United States Code.

3. That the 14-day stay described by Fed. R. Bankr. P. 4001(a)(4) be waived.

4. For such other Relief as the Court deems proper.

5. Movant further requests that upon entry of an order granting relief from stay, it be exempted from further compliance with Fed. R. Bankr. P. 3002.1 in the instant bankruptcy case.

/s/ Jill Manuel-Coughlin, Esquire

Dated: October 29, 2026

POWERS KIRN, LLC
Jill Manuel-Coughlin, Esquire ; ID 63252
Harry B. Reese, Esquire; ID 310501
8 Neshaminy Interplex, Suite 215
Trevose, PA 19053
215-942-2090 phone; 215-942-8661 fax
Email: bankruptcy@powerskirn.com
Attorney for Movant